UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DORA SCOTT**
   *Plaintiff*,

-vs-

**CANTON VALUE HOSPITALITY, INC.**, a domestic corporation, and **MARRIOTT INTERNATIONAL, INC.**, a foreign corporation,
   *Defendants*.

Case No.

Hon.

Mag.

---

Darcie R. Brault (P43864)
Sara Dagher (P87077)
McKNIGHT, CANZANO, SMITH, RADTKE & BRAULT, P.C.
3950 W. 11 Mile Road
Berkley, MI 48072
(248) 354-9650
dbrault@michworkerlaw.com
sdagher@michworkerlaw.com

*Attorneys for Plaintiff*

---

## COMPLAINT AND JURY DEMAND

Plaintiff Dora Scott, by her counsel McKnight, Canzano, Smith, Radtke & Brault, P.C., states as her Complaint against the Defendants Marriott International, Inc. and Canton Value Hospitality, Inc.:

## JURISDICTION AND VENUE

1. This is an action brought for Defendants' violations of Plaintiff's civil rights while she was a hotel customer at TownePlace Suites Detroit Canton ("TownePlace Suites").

2. TownePlace Suites, upon information and belief, is owned by Canton Value Hospitality, Inc. ("CVH").

3. TownePlace Suites is branded as a Marriott hotel.

4. Upon information and belief Defendant Marriott International, Inc. ("MARRIOTT") and CVH are parties to branding agreement, franchise agreement and/or licensing agreement.

5. Defendants discriminated against Plaintiff in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101, *et seq.* and 42 U.S.C. § 1981 ("Section 1981")(race discrimination) and intentionally inflicted emotional distress upon Plaintiff.

6. Plaintiff DORA SCOTT is an individual residing in Wayne County, Michigan.

7. At all material times, Defendant MARRIOTT INTERNATIONAL, INC. ("MARRIOTT") is a foreign corporation conducting business throughout the State of Michigan.

8. At all material times, Defendant CVH is a domestic corporation conducting business throughout the State of Michigan.

9.     Under 28 U.S.C. § 1331, this Court has original jurisdiction to hear this Complaint and to adjudicate the stated claims.

10.    This Court has supplemental jurisdiction of the Michigan state law claims under 28 U.S.C. § 1367 because they arise from the same case or controversy as the claims under Section 1981.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiff's claims occurred in this district.

## FACTS

12.    Plaintiff is an African American female.

13.    Plaintiff's friend had a medical procedure scheduled for the night of November 12, 2024 through the morning of November 13, 2024.

14.    The medical facility was near the TownePlace Suites.

15.    Plaintiff reserved a room for November 12 to November 13, 2024 at TownePlace Suites, so that she could conveniently drop off and pick up her friend.

16.    Plaintiff is a Marriott Bonvoy[1] loyalty rewards member.

---

[1] The loyalty rewards program for Defendant MARRIOTT is Marriott Bonvoy. The Marriott Bonvoy rules constitute an agreement between Defendant MARRIOTT and its loyalty members, including Plaintiff. The program rules govern how members book reservations and redeem points with participating hotels. TownePlace Suites is a participating hotel of Marriott Bonvoy. Defendant MARRIOTT only permits members to book with participating hotels through "Marriott Channels," including the company's website or mobile app. Defendant MARRIOTT is the sole administrator of the loyalty rewards program and has sole control over how members accrue and redeem rewards points. *See Loyalty*

3

17. Plaintiff made the reservation using her Marriott Bonvoy loyalty rewards points.

18. On November 12, 2024, Plaintiff and her friend arrived at TownePlace Suites.

19. Plaintiff went to the front desk to check in.

20. Plaintiff provided her reservation confirmation number to the staff member at the front desk.

21. The staff member told Plaintiff that she could not verify Plaintiff's reservation because there was no "certification" on file.

22. The staff member advised Plaintiff that Plaintiff could either wait over an hour while the staff member located the certification, or Plaintiff could pay for the room using cash instead of her Marriott loyalty rewards points.

23. The staff member also advised Plaintiff that she was required to allow a $300.00 "incidentals" charge against her credit card for her one-night stay.

24. The staff member advised that the charge would be refunded if no "incidentals" were incurred.

25. Plaintiff advised the staff member that she did not agree to be charged the incidentals fee.

26. Plaintiff and her friend left the front desk without checking in.

---

*Program Terms & Conditions*, Marriott Bonvoy (June 2025), https://www.marriott.com/loyalty/terms/default.mi.

4

27. Plaintiff spoke with an African American male hotel guest who told Plaintiff that he was being charged an incidentals fee, but that it was $250.00 for his full eight-night stay.

28. On November 12, 2024, Plaintiff's friend asked a Caucasian male to contact TownePlace Suites to reserve a room and to ask about the incidentals fee.

29. While making the reservation, the Caucasian male repeatedly asked the staff member whether he would be charged an incidentals fee.

30. The staff member repeatedly replied that he would not be charged an incidentals fee.

31. Plaintiff returned to the front desk on November 12, 2024.

32. Plaintiff complained to the staff member about race discrimination.

33. Plaintiff complained that the staff member's refusal to "certify" Plaintiff's rewards reservation constituted race discrimination.

34. Plaintiff complained that the staff member's requirement that Plaintiff allow a charge for incidentals also constituted race discrimination.

35. The staff member advised Plaintiff that the business could charge guests "whatever they wanted to charge" for incidentals.

36. Plaintiff's friend began video recording the conversation with the staff member to document the staff member's conduct.

37. Plaintiff and her friend revealed that the aforementioned Caucasian male was advised by her that there would be no incidentals fee.

5

38. Plaintiff and her friend reiterated to the staff member that requiring Plaintiff pay an incidentals fee while not requiring the same of a Caucasian male constituted race discrimination.

39. At that point, the staff member stated that she did not want to be recorded.

40. The staff member stated that TownePlace Suites, a place of public accommodation, where Plaintiff had a room reservation, was "private property."

41. The staff member ordered Plaintiff and her friend to leave the premises.

42. Plaintiff was extremely embarrassed, upset and distressed over the incident.

43. Due to Defendants' unlawful actions and the resulting distress it caused, Plaintiff's friend was unable to attend her medical procedure the following morning.

**Count I**
**VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**(Race Discrimination)**

44. Plaintiff incorporates paragraphs 1 through 43, above.

45. ELCRA prohibits race discrimination in public accommodations and public services. M.C.L. § 37.2302.

46. A defendant violates M.C.L. § 37.2302(a) when it denies a plaintiff the full and equal enjoyment of the goods, services, facilities, privileges,

6

advantages, or accommodations of a place of public accommodation because of race.

47. Plaintiff is a member of a protected class.

48. TownePlace Suites is a place of public accommodation as defined under M.C.L. § 37.2301(a).

49. Defendant CVH owns and operates the TownePlace Suites hotel.

50. Defendant MARRIOTT, through Defendant CVH's use of its brand, license and franchise agreements, exerts significant control over Defendant CVH's operations.

51. Defendant MARRIOTT is an agent and/or apparent agent of Defendant CVH.

52. Defendant CVH is an agent and/or apparent agent of Defendant MARRIOTT.

53. Defendants collectively operate the TownePlace Suites hotel.

54. Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation because of race.

55. Plaintiff was treated differently than persons of a different race.

56. Plaintiff received service in a markedly hostile manner.

57. A reasonable person would find the treatment of Plaintiff objectively discriminatory.

58. Defendants discriminated against Plaintiff based on her race when the staff member refused to "certify" Plaintiff's reservation.

59. Defendants discriminated against Plaintiff based on her race when the staff member required Plaintiff to pay an incidentals fee, which they did not require of a similarly situated Caucasian customer.

60. Defendants' conduct was markedly hostile toward Plaintiff when the staff member failed to "certify" Plaintiff's reservation, required Plaintiff to pay an incidentals fee despite not charging the same fee to a Caucasian customer, claimed that the business could charge guests "whatever they wanted," and ordered Plaintiff to leave the premises after she complained of discrimination, all of which conduct that a reasonable person would find objectively discriminatory.

61. As a direct and proximate result of Defendants' conduct in violation of ELCRA, Plaintiff has suffered damages including:

    a. Damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    b. Attorney's fees and costs; and

    c. Other damages to be determined.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for:

    a. Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff sustained, past and future, together with interest;

      b.      An award of attorney's fees and costs; and

      c.      Any other relief that the Court deems appropriate.

## Count II
## VIOLATION OF ELCRA
## (Retaliation)

62.    Plaintiff incorporates paragraphs 1 through 61, above.

63.    It is unlawful to retaliate or discriminate against a person because the person has opposed a violation of the ELCRA.

64.    Plaintiff engaged in a protected activity when she complained to the staff member about race discrimination and video recorded her interaction with the staff member.

65.    The staff member was aware of Plaintiff's complaints of race discrimination.

66.    After Plaintiff complained, Defendants took adverse action against Plaintiff, to wit; the staff member ordered Plaintiff and her friend to leave the premises.

67.    There is a causal connection between Plaintiff's complaint and Defendants ordering Plaintiff off the premises.

68.    As a direct and proximate result of Defendants' conduct in violation of ELCRA, Plaintiff has suffered damages including:

      a.      Damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions; and

  b.  Other equitable relief as the Court deems just.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for:

  a.  Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff sustained, past and future, together with interest;

  b.  An award of attorney's fees and costs; and

  c.  Any other relief the Court deems appropriate.

## Count III
## VIOLATION OF 42 U.S.C. § 1981
## (Race Discrimination)

69. Plaintiff incorporates paragraphs 1 through 68, above.

70. Section 1981(a)-(b) prohibits race discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

71. Plaintiff entered into a contract with Defendant MARRIOTT when she became a member of the Marriott Bonvoy rewards program and redeemed her Marriott Bonvoy loyalty rewards points to reserve a room at TownePlace Suites.

72. Plaintiff entered into a contract with Defendant CVH when she redeemed her Marriott Bonvoy loyalty rewards points to reserve a room at TownePlace Suites, which is owned by Defendant CVH and which is a participating hotel of the Marriott Bonvoy rewards program.

73. Plaintiff is a member of a protected class.

10

74. Plaintiff sought to enjoy a contract for services ordinarily provided by the Defendant and was denied the right to enjoy the benefits or privileges of the contractual relationship.

75. Defendants' conduct was markedly hostile toward Plaintiff when the staff member failed to "certify" Plaintiff's reservation, required Plaintiff to pay an incidentals fee despite not charging the same fee to a Caucasian customer, claimed that the business could charge guests "whatever they wanted," and ordered Plaintiff to leave the premises after she complained of discrimination.

76. Demanding that Plaintiff leave the premises, despite her being a hotel guest and loyalty rewards member and despite her booking a room with TownePlace Suites in adherence with Defendants' policies, runs contrary to Defendants' financial interests and is far outside accepted business norms.

77. Demanding that Plaintiff, as well as another African American guest, pay an incidentals fee, which Defendants did not require of a similarly situated Caucasian guest, is arbitrary on its face and supports an inference of discrimination.

78. Defendants' conduct was profoundly contrary to the manifest financial interests of the merchant.

79. Defendants denied Plaintiff the right to enjoy the benefits and privileges of the parties' contractual relationship when:

    a. They treated Plaintiff differently compared to Caucasian customers;

11

    b. They treated Plaintiff in a markedly hostile manner, based upon race; and;

    c. Other racially discriminatory treatment yet to be discovered.

80. Defendants' unlawful action toward Plaintiff was intentional or at least undertaken with reckless disregard of the Plaintiff's rights under federal law.

81. As a direct and proximate result of Defendants' conduct in violation of Section 1981, Plaintiff suffered damages including:

    a. Damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    b. Attorney's fees and costs;

    c. Punitive damages; and

    d. Other relief as the court or jury deems just.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for:

    a. Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff sustained, past and future, together with interest;

    b. Equitable relief;

    c. Punitive damages;

    d. An award of attorney's fees and costs; and,

    e. Other relief that the court deems appropriate.

**Count IV**
**VIOLATION OF 42 U.S.C. § 1981**
**(Retaliation)**

Case 2:25-cv-12602-JJCG-CI   ECF No. 1, PageID.13   Filed 08/20/25   Page 13 of 15

82. Plaintiff incorporates paragraphs 1 through 81, above.

83. Section 1981 prohibits retaliation against a person because that person complained of discrimination against themselves or in the aid of others.

84. Defendants unlawfully retaliated against Plaintiff when the staff member ordered Plaintiff to leave the premises after she complained about the staff member's discriminatory conduct.

85. As a direct and proximate result of Defendants' conduct in violation of Section 1981, Plaintiff suffered damages including:

    a. Damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    b. Attorney's fees and costs;

    c. Punitive damages; and

    d. Other relief as the court or jury deems just.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for:

    a. Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff sustained, past and future, together with interest;

    b. Equitable relief;

    c. Punitive damages;

    d. An award of attorney's fees and costs; and,

    e. Other relief that the court deems appropriate.

13

## Count V
## Intentional Infliction of Emotional Distress

86. Plaintiff incorporates paragraphs 1 through 85, above.

87. Defendants' conduct was extreme and outrageous, intentional and reckless, and caused Plaintiff severe emotional distress and severe mental disturbance.

88. The staff member's refusal to "certify" Plaintiff's room reservation and demand that Plaintiff leave the premises is extreme and outrageous conduct.

89. The staff member, on behalf of Defendants, used her position of authority at TownePlace Suites to deny Plaintiff her accommodations at the hotel because of her race.

90. Defendant MARRIOTT, as the sole administrator of the Marriott Bonvoy rewards program and bound by its rewards program agreement with Plaintiff, failed to fulfill its contractual obligation to provide Plaintiff accommodations in exchange for her redeemed points and denied Plaintiff accommodations at TownePlace Suites because of Plaintiff's race, in a markedly hostile manner.

91. Defendants' denial of Plaintiff's access to accommodations at TownePlace Suites caused Plaintiff's friend to miss her medical procedure.

92. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress and mental disturbance.

93. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including:

    a. Damages for the past, present, and future emotional distress, mental anguish, fright, shock, denial of social pleasure, embarrassment, mortification, humiliation, stress, and anger inflicted by Defendants; and

    b. Other equitable relief as the Court deems just.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor as follows:

    a. Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff sustained, past and future, together with interest;

    b. Equitable relief including an award of punitive damages and other relief that the court deems appropriate; and

    c. An award of attorney fees and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,
McKNIGHT, CANZANO, SMITH
RADTKE & BRAULT, P.C.

By: */s/ Darcie R. Brault*
Darcie R. Brault (P43864)
Sara Dagher (P87077)
*Attorneys for Plaintiff*
3950 W. 11 Mile Road
Berkley, MI 48072
(248) 354-9650
dbrault@michworkerlaw.com
sdagher@michworkerlaw.com

Dated: August 20, 2025